# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BARRY EPSTEIN, | ) | |
| | ) | No. 14 C 8431 |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| PAULA EPSTEIN AND JAY FRANK, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Barry Epstein ("Barry") has sued defendants Paula Epstein ("Paula"), his wife, and Jay Frank, her divorce attorney, alleging: (1) violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510-2520; and (2) state-law invasion of privacy ("intrusion upon seclusion"). For the following reasons, the Court dismisses Barry's ECPA claims with prejudice, and declines to exercise supplemental jurisdiction over his state-law claim for invasion of privacy.

## BACKGROUND

In June 2007, Paula accessed Barry's private computer without his "permission, knowledge or consent." R. 2 ¶¶ 9, 12. Barry alleges "on information and belief" that she caused a "rule" to be created on his computer whereby emails to and from his email accounts were automatically forwarded to Paula's email accounts. *Id.* at ¶ 13. On May 23, 2011, Paula filed a petition for dissolution of marriage in the

Circuit Court of Cook County, Illinois. *Id.* at ¶ 20.[1] On October 8, 2014, Barry—through counsel—served a Request to Produce Documents (the "Request") on Paula's divorce attorney, defendant Jay Frank. *Id.* at ¶ 24. The Request directed Paula to produce "any and all communications," including emails and photographs, that "allegedly relate[] to infidelity as alleged by PAULA EPSTEIN or otherwise extramarital relationship [sic]." *Id.* at ¶ 25; *see also* R. 22-1 ("Respondent's Updated Request to Produce Documents," attached as Exhibit A to plaintiff's First Amended Complaint ("FAC")). The Request further specified that the requested materials "pertain but are not limited to the following individuals: PAULA EPSTEIN, BRETT EPSTEIN, ▮▮▮▮ ▮▮▮, ▮▮▮ ▮▮▮▮, AND ▮▮▮▮." R. 22-1 at 1. Barry alleges that on October 10, 2014, Paula disclosed to Frank the emails she had forwarded from Barry's email accounts. R. 22 ¶ 27. Frank, in turn, delivered copies of the emails, and three photographs, to Barry's counsel on October 23-24, 2014. *Id.* at ¶ 33. Barry alleges that, after receiving the production, he "could not concentrate on anything other than protecting and enforcing his rights, after learning that his personal, private, and confidential communications with third persons were revealed to other individuals." *Id.* at ¶ 38. He filed this federal lawsuit three days later. *Id.* at ¶ 39.[2]

---

[1] As far as the complaint reveals, Barry and Paula are still married as of this date. *See* R. 22 ¶ 9 (alleging that the parties "*have been* married for more than 44 years") (emphasis added). In any event, their marriage status is irrelevant to the issues in this case.

[2] Barry also alleges that he reported the defendants' alleged conduct to the Federal Bureau of Investigation, the Chicago Police Department (Cyber Crimes Division),

Paula and Frank moved to dismiss Barry's original complaint because he did not allege that the defendants intercepted the emails "contemporaneously" with their transmission. *See, e.g., Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3d Cir. 2003) (requiring contemporaneous interception to prevail under 18 U.S.C. § 2511); *see also* R. 15 at 1, R. 18 at 4. In response to the defendants' motions, Barry amended his complaint by, among other things, adding the following allegation:

> The interception was contemporaneous with the transmission insofar as the electronic messages destined for Plaintiff's receipt were forwarded to Defendant PAULA EPSTEIN at the same time they were received by the respective servers of the aforementioned domains, to wit, yahoo.com and rnco.com.

R. 22 ¶ 18. Barry also attached to his amended complaint unredacted copies of the "personal, private, and confidential communications" that he alleges Paula intercepted. *Id.* at ¶ 28; *see also* R. 22-3.[3] Each email indicates the date on which it was originally sent to (or from) Barry's email account, and the date on which it was forwarded to Paula's email account. In most cases, the emails were forwarded to Paula's account months, sometimes years, after Barry sent or received the emails.

---

the Cook County State's Attorney's Office, and the Attorney Registration and Disciplinary Commission. R. 22 ¶ 56.

[3] *See El-Bey v. Vill. of S. Holland*, 513 Fed. Appx. 603, 604-05 (7th Cir. 2013) (A court may consider materials attached to the complaint without converting a motion to dismiss into a motion for summary judgment.). The Court is hard-pressed to understand why Barry filed these materials in a publically available document. As the defendants point out, *see* R. 24 at 1 and R. 35 at 7, he could have filed the materials under seal if he believed that their contents were "private," but integral to his claims.

The shortest interval between an original email, and the email forwarding it to Paula's account, is approximately three hours. R. 22-3 at 45.[4]

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

---

[4] One email—Barry's response to "████████," at Bates number 000046—does not include a time stamp. *See* R. 22-3 at 41. It appears, however, that it was forwarded to Paula's account on the same day Barry sent it (March 14, 2012). *Id.*

ANALYSIS

Barry's FAC alleges ECPA claims against Paula for intercepting electronic communications (Counts I and II), and against Paula (Count III) and Frank (Count IV) for disclosing and using those communications. He has filed his state-law intrusion-upon-seclusion claim against Paula, only (Count V). The defendants contend that Barry has pled himself out of court.

I. Contemporaneous Interception

Under the ECPA, any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any . . . electronic communication" is subject to a fine, imprisonment, and/or damages. 18 U.S.C. §§ 2511(1)(a), (4)(a), and 2520. The statute defines the term "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* at § 2510(4). Prior to 1986, the Federal Wiretap Act applied only to wire and oral communications. *See Steve Jackson Games, Inc. v. U.S. Secret Serv.*, 36 F.3d 457, 460 (5th Cir. 1994). The statute then—as now—did not expressly require contemporaneous interception. But courts reasoned that the requirement best effectuated Congress's apparent intent to bar individuals from using devices to acquire private communications. *See, e.g.*, *United States v. Turk*, 526 F.2d 654, 657-58 (5th Cir. 1976) ("The words 'acquisition . . . through the use of any . . . device' suggest that the central concern is with the activity engaged in at the time of the oral communication which causes such communication to be overheard by uninvited

listeners."). It also preserved the distinction in the statute between "interception" and "disclosure." *Id.* at 658. When Congress amended the Federal Wiretap Act in 1986 to cover electronic communications, it did not disturb the prevailing judicial interpretation of "interception." *See Steve Jackson Games*, 36 F.3d at 462 (concluding that the legislative history of the 1986 amendments "made it crystal clear that Congress did not intend to change the definition of 'intercept' as it existed at the time of the amendment"). Since that time, "[e]very circuit court to have considered the matter has held that an 'intercept' under the ECPA must occur contemporaneously with transmission." *Fraser*, 352 F.3d at 113 (citing *United States v. Steiger*, 318 F.3d 1039, 1048-49 (11th Cir. 2003); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002); and *Steve Jackson Games*, 36 F.3d at 464).

The Seventh Circuit has not expressly adopted the contemporaneity requirement, but *United States v. Szymuszkiewicz*, 622 F.3d 701, 705 (7th Cir. 2010) suggests that it may do so in the appropriate case. A jury convicted Szymuszkiewicz under § 2511(1)(a) for using a "rule" to forward to his own account emails sent by third parties to his supervisor. *Id.* at 702. On appeal, Szymuszkiewicz argued that "any message would have reached its destination ([the victim's] inbox) before a copy was made for him." *Id.* at 703. The email was not "in flight," therefore he did not "intercept" it. *Id.* The Seventh Circuit rejected Szymuszkiewicz's argument that the "contemporaneity" requirement imposed by other circuits supported his theory:

> Several circuits have said that, to violate § 2511, an interception must be "contemporaneous" with the communication. [Citing *Fraser*, *Steve*

> *Jackson Games*, *Konop*, and *Steiger*.] Szymuszkiewicz sees this as support for his "in flight" reading, but it is not. "Contemporaneous" differs from "in the middle" or any football metaphor. Either the server in Kansas City or Infusino's computer made copies of the messages for Szymuszkiewicz within a second of each message's arrival and assembly; if both Szymuszkiewicz and Infusino were sitting at their computers at the same time, they would have received each message with no more than an eyeblink in between. *That's contemporaneous by any standard*. Even if Infusino's computer (rather than the server) was doing the duplication and forwarding, it was effectively acting as just another router, sending packets along to their destination, and *Councilman*'s [*United States v. Councilman*, 418 F.3d 67 (1st Cir. 2005)] conclusion that the Wiretap Act applies to messages that reside briefly in the memory of packet-switch routers shows that the Act has been violated.

*Id.* at 705-06 (emphasis added). At least one district court has construed *Szymuszkiewicz* to require contemporaneous interception in § 2511 cases. *See Shefts v. Petrakis*, No. 10-cv-1104, 2013 WL 489610, at *1 n.2 (C.D. Ill. Feb. 8, 2013). The Court would not go that far, but certainly there is nothing in *Szymuszkiewicz* suggesting that the Seventh Circuit would reject the requirement.

The Court concludes that the cases cited above are persuasive and, consistent with what appears to be the unanimous view of courts to date, construes § 2511 to require contemporaneous interception. Barry's contrary arguments are unpersuasive. He argues that a "majority of circuits . . . have either *not contemplated* the definition of intercept with the Wiretap Act or have *not ruled* that the Wiretap Act requires interception to be contemporaneous with its transmission." R. 31 at 5 (emphasis in the original). But the only case that he cites holding that the statute does not require a contemporaneous interception—the Ninth Circuit's decision in *Konop v. Hawaiian Airlines, Inc.*, 236 F.3d 1035, 1044-46 (9th Cir.

2001)—was later withdrawn and superseded by a decision adopting that requirement. *See Konop v. Hawaiian Airlines, Inc.*, 262 F.3d 972 (9th Cir. 2001) (withdrawing the just-cited decision); *see also Konop*, 302 F.3d at 878 ("We therefore hold that for a website such as Konop's to be 'intercepted' in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage."). And unlike *Szymuszkiewicz* and *Councilman*, it is unnecessary in this case to delve into the technological minutiae of "packet switching" and email protocols. *Cf. Szymuszkiewicz*, 622 F.3d at 704; *Councilman*, 418 F.3d at 69-70. The alleged interception in this case (retransmission hours or days after the initial email was sent or received) was not "contemporaneous" under any reasonable definition of that word. Indeed, after amending his complaint to allege that Paula contemporaneously intercepted his emails, he effectively abandoned that allegation in his responses to the defendants' motions to dismiss. *See* R. 31 at 6-7 (arguing that discovery may reveal other emails that Paula did contemporaneously intercept). Finally, in a last ditch effort to avoid dismissal, Barry argues that "the attached e-mails do not represent all intercepted e-mails," and that he should be allowed to conduct discovery to find out whether Paula "has intercepted any of his other e-mails . . . ." *Id.* This is pure speculation. The Court grants Paula's motion with respect to Counts I and II and dismisses those claims with prejudice.

## II. Intentional Disclosure and Use

Counts III and IV of Barry's FAC allege that Paula and Frank unlawfully "disclosed" and "used," or "endeavored" to disclose and use, information that they

knew (or had reason to know) was obtained through unlawful interception. *See* 18 U.S.C. § 2511 (1)(c) (making it unlawful to disclose, or endeavor to disclose, intercepted communications) and (d) (making it unlawful to use, or endeavor to use, intercepted communications). For reasons the Court just articulated, Barry has not alleged an "interception" within the statute's meaning. So, his "disclosure" and "use" claims necessarily fail and the Court dismisses those claims (Counts III and IV) with prejudice.

Even if Barry could clear this initial hurdle, his claims against Frank would still fail. He claims that Frank unlawfully disclosed electronic communications to Barry's *own attorney* in response to a document request that Barry served on Paula in the underlying divorce case. Whether or not the statute authorizes a party to disclose intercepted communications in response to a civil discovery request is beside the point. *Cf.* R. 32 at 8 (arguing that the statute "does not identify *prior consent* as an authorized means to disclose or use intercepted electronic communications.") (emphasis in original). This is a civil suit for damages, and Barry cannot plausibly claim that he was damaged when Frank disclosed the allegedly intercepted materials to Barry's own attorney. His claim against Frank for using, or endeavoring to use, intercepted communications is also dubious. The premise of this claim is that Frank *intended* to use the materials, purportedly evidenced by Paula's notations on the documents (mostly consisting of underlining) and the fact that Frank Bates-stamped the documents. *See* R. 22 ¶ 34; R. 32 at 12. Barry does not allege that Frank used (or endeavored to use) the documents, and the statute does

not prohibit receipt with the mere intent to use unlawfully intercepted communications.

**III.    Invasion of Privacy**

Because the Court has dismissed Barry's federal claims, it declines to exercise supplemental jurisdiction over his state-law claim for intrusion upon seclusion. *See RWJ Management Co., Inc. v. BP Products North America, Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (there is a "presumption" that the district court will decline to exercise supplemental jurisdiction if it has dismissed all federal claims before trial); *see also* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motions to dismiss, R. 17 and 23. The Court dismisses Counts I, II, III, and IV of plaintiff's FAC with prejudice. The Court declines to exercise supplemental jurisdiction over plaintiff's intrusion-upon-seclusion claim (Count V) and dismisses it without prejudice.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated:  April 20, 2015