UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARRY EPSTEIN, | ) | |
| PLAINTIFF, | ) ) | |
| | ) | No. 14 C 8431 |
| v. | ) ) | Judge Thomas M. Durkin |
| PAULA EPSTEIN, | ) ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OPINION AND ORDER**

In his third amended complaint filed May 17, 2017, R. 178, the plaintiff, for the first time, demanded a jury trial. The defendant has moved to strike the demand as untimely. R. 184. For the following reasons, the defendant's motion is granted.

Procedural History

The original complaint in this case was filed on October 27, 2014. R. 1. It did not contain a jury demand. Nor did the first amended complaint, which was filed on January 12, 2015. R. 22. A proposed second amended complaint, also without a jury demand, was filed on April 23, 2015, R. 38, but an appeal was taken before the Court could rule on the motion to file it, *see* R. 50. Following resolution of the appeal, the Court held a status hearing on January 6, 2017. *See* R. 55. During that hearing, plaintiff's counsel requested leave to file a second amended complaint. R. 148 (Jan. 6, 2017 Hrg. Tr.) at 3:11-16. The Court granted that request, *see id.*, and brought to counsel's attention that no jury demand had been made in the

1

original complaint. R. 148 at 22:1-3. In response, counsel stated, "It's better for us," referring to a bench trial, adding "I mean [it's] my decision." *Id.* at 22:6.

A second amended complaint without a jury demand was filed on January 27, 2017. R. 70. At a status hearing held on February 7, 2017, just a few days before the defendant's answer was due, the Court inquired whether either party would be making a jury demand. *See* R. 82; *see also* R. 105 (Feb. 7, 2017 Hrg. Tr.) at 22-24. Plaintiff's counsel answered as follows:

> If we haven't filed for [a jury trial], I would be content with a bench trial because I think these are more, you know, facts such that a judge can better decide on than an emotional jury panel. But client did say he wanted the jury, but, again, I believe that is my decision too. So --

R. 105 (Feb. 7, 2017 Hrg. Tr.) at 24:6-10. The defendant filed her answer, without a jury demand or counterclaims, on February 10, 2017. R. 88.

On May 17, 2017, more than three months later, the plaintiff filed a third amended complaint, this time, demanding a jury trial. R. 178. The third amended complaint struck the plaintiff's previously-asserted claim under the Computer Fraud and Abuse Act, but did not add or substantively alter any of the other six claims asserted in the second amended complaint. *See id.* The third amended complaint also added the following relevant factual information:

- The location of the plaintiff's computer in the marital home, *id.* at ¶ 10.
- The fact that the parties were not authorized to use each other's computers, *id.* at ¶ 11.
- The fact that the plaintiff used his computer for both work and personal purposes, *id.* at ¶ 12.
- Specific examples of allegedly intercepted emails (which were referred to more generally in second amended complaint), *id.* at ¶20A-D.

2

The third amended complaint also contained a number of irrelevant allegations related to dismissed-defendant Jay Frank, *id.* at ¶¶ 27, 29, 34A-B, as well as minor embellishments and stylistic and editorial changes, *see, e.g., id.* at ¶¶ 8, 13, 15-16, 21-23, 25-26, 35.

## Discussion

Rule 38(b) of the Federal Rules of Civil Procedure permits a party to demand a jury trial on any issue so triable "by serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). The "last pleading" is typically an answer to a complaint or a reply to a counterclaim. *See, e.g., Early v. Bankers Life & Cas. Co.,* 853 F.Supp. 268, 270 (N.D. Ill. 1994) (citing *In re Kaiser Steel Corp.,* 911 F.2d 380, 388 (10th Cir. 1990)). Amended or supplemental pleadings do not revive the right to demand a jury trial except as to new issues of fact raised by the new pleadings. *See Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein, P.C.,* 243 F.3d 1086, 1090 (7th Cir. 2001).

Defendant argues that because the third amended complaint did not raise any new issues of fact, the jury demand is untimely and the plaintiff waived his right to a jury trial. Indeed, other courts in this district have held that where amendments to a complaint "d[o] not alter the substantive basis of the request for relief nor the gravamen of the alleged wrongdoing," they do not constitute "the last pleading" within the meaning of Rule 38. *See, e.g., Fed. Ins. Co. v. Church*, 2005 WL 1500958, at *2 (N.D. Ill. June 8, 2005).

3

Plaintiff disputes that the amended complaint does not raise "new issues." He argues that the specific examples of intercepted emails set forth in the third amended complaint establish that "no longer was [the defendant] simply violating [the plaintiff's] privacy to vindicate suspicions of alleged affairs[,] she hacked his e-mails to gather confidential information on his finances and his legal strategies in the divorce." R. 195 ¶ 13. The Court cannot see how this distinction changes the gravamen of the underlying claim, which is that the defendant unlawfully intercepted the plaintiff's emails. Whether she did so in search of personal vindication or tactical advantage in divorce proceedings does not change the nature of the misconduct alleged. This argument therefore fails.

Alternatively, plaintiff argues that amendments to the complaint reflect that "[t]he consequences of [the defendant]'s conduct go beyond the embarrassment originally complained of[.] [S]he compromised [the plaintiff]'s ability to defend himself in the divorce action, as she was accessing and reading his entire attorney-client emails." R. 195 ¶ 14. Again, the Court cannot see how this distinction makes an appreciable difference in Plaintiff's claims. Perhaps discovery has shown that the defendant's activities were broader in scope than the plaintiff originally imagined. But those activities, not their breadth, are the issue at the heart of this lawsuit.

The Court therefore finds that the "last pleading" triggering the 14 day clock on the right to make a jury demand was the answer filed by the defendant on February 10, 2017. Accordingly, the time to request a jury expired on February 24, 2017, and Plaintiff's May 17, 2017 jury demand is untimely.

Nevertheless, Rule 39(b) allows the Court, "upon motion," to exercise its discretion to grant a party's belated request for a jury trial. A party making an untimely request for a jury trial is required to offer a reason for its untimeliness. *See Members v. Paige*, 140 F.3d 699, 704 (7th Cir. 1998). That reason is frequently the determinative factor for the court in exercising its discretion. *See Noddings Inv. Group, Inc. v. Kelley*, 881 F.Supp. 335, 337 (N.D. Ill. 1995). In addition to the reason proffered by the moving party, courts are to consider: (1) whether the issues would be best tried to a jury; (2) the length of delay in making the request; (3) whether the court's or the adverse party's schedule will be disrupted; and (4) whether the adverse party will be prejudiced. *See id.* The Seventh Circuit instructed that "[i]f there is to be any presumption, it is the one stated in Rule 38(d)," which is to say that "[t]he failure of a party to serve and file a [timely] demand as required by this rule constitutes a waiver by the party of trial by jury." *See Church*, 2005 WL 1500958, at *3 (quoting *Members,* 140 F.3d at 704). Still, the Court is mindful that "applications under Rule 39(b) should be entertained with an open mind," *Members*, 140 F.3d at 704, and therefore considers the Plaintiff's arguments accordingly.

Plaintiff's counsel asserts several reasons for the untimeliness of the jury demand. She states that she did not make a jury demand in the original complaint, the first amended complaint, or the second amended complaint because discovery had not yet revealed the extent of the defendant's alleged wrongdoing. *See* R. 195 ¶¶ 1, 7-9. She also states that the "unusually truncated" discovery schedule coupled with the "unusual rush to try this case quickly" caused her to work hastily, leading

5

to an inadvertent failure to make a timely jury demand. *See id.* Finally, she states that "the delay in requesting a jury trial is [ ] mostly attributable [to the fact] that since filing the initial complaint[,] [ ] this case was dormant from May 18, 2015 until the ruling of the Seventh Circuit on December 14, 2016." ¶ 19.

The Court is not persuaded by any of these proffered reasons for untimeliness because they are belied by counsel's own representations at earlier stages in these proceedings. On February 7, 2017, counsel indicated that the decision to not to make a jury demand was strategic, because "these are more, you know, facts such that a judge can better decide on than an emotional jury panel." She added that her "client did say he wanted the jury," but continued, "I believe that is my decision too." In the Court's view, the failure to timely demand a jury was not consequence of the litigation schedule (which contrary to counsel's assertion, is not out of the ordinary). Nor did it materialize upon review of the facts found in discovery, which, frankly, are not all that surprising given the contentious nature of the divorce proceedings and federal litigation to this point. Rather, the last minute jury demand reflects a change in litigation strategy driven by the plaintiff, who believes he'll fare better before a jury than he will before the Court.

As for the other four factors the Court is required to consider, none weighs in the plaintiff's favor. The first, whether the issues would be best tried to a jury, doesn't favor either party. Both sides have already incurred significant expense in litigating this case and a bench trial will minimize the cost and complexity of trial. Though plaintiff contends that "[p]ublic policy weighs in favor of these new issues

6

being tried by a jury" because issues of privacy in the marital home "are matters which a jury of [the plaintiff's] peers should have the opportunity to decide," R. 195 ¶ 20, the defendant makes an equally compelling argument that presenting evidence of her husband's infidelity to a jury will cause her unnecessary humiliation and anguish, R. 184 ¶ 7. Moreover, both parties have conceded that the Court may be better suited than a jury to resolve a number of the technical issues in this case, and the question of damages and attorney's fees falls to the Court regardless of whether a jury is empaneled. There are also a number of privacy concerns and protective orders in this case, and a bench trial would simplify the evidentiary issues that may arise as a result. For these reasons, the first factor is a wash. So too is the third factor–the impact of the demand on the court's schedule–because the trial date in this case will not be upset by the empaneling of a jury.

The second and fourth factors, the length of delay in making a jury demand and prejudice to the adverse party, weigh against excusing the plaintiff's waiver. Though the plaintiff's demand comes only three months late, its untimeliness is significant. Plaintiff's counsel was advised in open court on January 6, 2017, before filing her second amended complaint, that no jury demand had been made. She was again advised of the fact in February, before the defendant filed her answer. To make a jury demand now puts the defendant at a distinct disadvantage. She relied on the plaintiff's jury waiver in setting her own discovery and litigation strategy. The defendant, her counsel informs the Court, strongly opposes trying this case to a

jury. *See* R. 176 (May 9, 2017 Hrg. Tr.) at 11:25-12:2. To change the game now, with less than a month until trial, would significantly impact her trial preparation.

Conclusion

In summary, the plaintiff waived his right to a jury trial under Rule 38. He had 14 days from the date the answer to the second amended complaint was filed to make a jury demand and he failed to do so. The "new facts" alleged in the third amended complaint did not revive the plaintiff's right to demand a jury because they did not alter the gravamen of the alleged wrongdoing or the substantive basis of the plaintiff's request for relief. The Court will not exercise its discretion under Rule 39 to excuse the untimeliness of the demand because the equities weigh against doing so, and because the plaintiff has not offered a compelling reason to believe this is anything other than a last minute attempt to gain a strategic advantage at trial. Accordingly, the motion to strike, R. 184, is granted.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 27, 2017